UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------X
NIMALI SONDEL,

                 Petitioner,         Civil Action No. 15-cv-1861 (SRU)

      v.

DARDEN RESTAURANTS, INC., GMRI,
INC. d/b/a OLIVE GARDEN, and WILLIS
REINKE, in his individual and professional
capacities,

                 Respondents.
---------------------------------------------------------X

## DECLARATION OF DAVID E. GOTTLIEB

I, David E. Gottlieb, pursuant to 28 U.S.C. § 1746, declare and state as follows:

1. I am a Partner at the law firm Wigdor LLP, counsel for Petitioner Nimali Sondel in the above-captioned matter, and I have filed a motion for *pro hac vice* admission before this Court.

2. I have full knowledge of the facts set forth herein and submit this declaration in opposition to Respondents' motion to dismiss Petitioner's Petition to Compel Arbitration and in support of Petitioner's cross-motion to dismiss Respondents' cross-petition to compel arbitration before JAMS, Inc. ("JAMS").

3. The allegations and assertions set forth in Petitioner's memorandum of law in opposition to Respondents' motion to dismiss Petitioner's Petition to Compel Arbitration and in support of Petitioner's cross-motion to dismiss Respondents' cross-petition to compel arbitration before JAMS, Inc. are incorporated in this declaration as if fully set forth herein.

4. Our firm is currently representing Petitioner in connection with an arbitration before JAMS, Inc. (the "JAMS Retaliation Action"), which is currently proceeding through

discovery and towards a hearing.

5.     On December 8, 2015, a preliminary conference call was held in the JAMS Retaliation Action. During the call, the arbitrator raised the fact that Respondents had never submitted a formal Answer to the Statement of Claim. Respondents' counsel stated that they intended to submit a formal Answer, and that they intended to potentially interpose counterclaims for Ms. Sondel's supposed *anticipatory* breach of contract based on her threat to file an action in court. Ms. Sondel's counsel stated that there was no legitimate counterclaim to assert, and stated that, in either event, under the Arbitration Agreement before any claim against her could be asserted against her in arbitration, Respondents would be required to first engage in mandatory mediation (as Respondents previously required Ms. Sondel to do before the commencement of the JAMS Retaliation Action).

6.     Attached hereto as **Exhibit A** is a true and correct copy of the Arbitration Agreement entered into between Petitioner and Respondents.

7.     Attached hereto as **Exhibit B** is a true and correct copy of the Demand for Arbitration filed by Petitioner with JAMS, Inc. on June 8, 2015.

8.     Attached hereto as **Exhibit C** is a true and correct copy of correspondence from Respondents' counsel to JAMS, dated June 19, 2015.

9.     Attached hereto as **Exhibit D** is a true and correct copy of correspondence from Petitioner's counsel to JAMS, dated June 22, 2015.

10.    Attached hereto as **Exhibit E** is a true and correct copy of correspondence from the American Arbitration Association ("AAA") acknowledging receipt of a Demand for Arbitration filed by Respondents on June 22, 2015.

11.    Attached hereto as **Exhibit F** is a true and correct copy of the AAA's

Employment Arbitration Rules and Mediation Procedures.

12. Attached hereto as **Exhibit G** is a true and correct copy of the Petition dated June 25, 2015, filed by Petitioner in an action in the Southern District of New York captioned as Sondel v. Darden Restaurants, Inc. et al., No. 15-cv-4986 (PAC).

13. Attached hereto as **Exhibit H** is a true and correct copy of email correspondence from the AAA to the parties' counsel closing the arbitration commenced by Respondents.

14. Attached hereto as **Exhibit I** is a true and correct copy of the Notice of Voluntary Dismissal without Prejudice dated June 30, 2015, filed by Petitioner in the above-referenced Southern District of New York action.

15. Attached hereto as **Exhibit J** is a true and correct copy of the Petition dated July 24, 2015, filed by Respondents in an action in the District of Connecticut captioned as Darden Restaurants, Inc., et al. v. Sondel, et al., No. 15-cv-01138 (SRU) ("Darden D. Conn. Petition").

16. Attached hereto as **Exhibit K** is a true and correct copy of then-respondent Ms. Sondel's motion to dismiss the petition in the Darden D. Conn. Petition.

17. Attached hereto as **Exhibit L** is a true and correct copy of the transcript of the Oral Argument heard on October 15, 2015 by the Honorable Stefan R. Underhill of the District of Connecticut, in connection with Ms. Sondel's above-referenced motion to dismiss.

18. Attached hereto as **Exhibit M** is a true and correct copy of the Courtroom Minutes regarding the above-referenced oral argument.

19. Attached hereto as **Exhibit N** is a true and correct copy of Judge Underhill's judgment in connection with Ms. Sondel's above-reference motion to dismiss. .

20. Attached hereto as **Exhibit O** is a true and correct copy of email correspondence between Petitioner's counsel and Respondents' counsel.

21. Attached hereto as **Exhibit P** is a true and correct copy of email correspondence between Petitioner's counsel and Respondents' counsel.

22. Attached hereto as **Exhibit Q** is a true and correct copy the request for declaratory judgment dated December 10, 2015, filed by Petitioner with Resolute Systems, Inc.

23. Attached hereto as **Exhibit R** is a true and correct copy of Respondents' amended response to the demand for arbitration dated December 18, 2015, filed with JAMS.

24. Attached hereto as **Exhibit S** is a true and correct copy of email correspondence between Petitioner's counsel and Respondents' counsel.

25. Attached hereto as **Exhibit T** is a true and correct copy of email correspondence between Petitioner's counsel and Respondents' counsel, with attachment.

26. Attached hereto as **Exhibit U** is a true and correct copy of Arbitrator Marc. E. Isserles' Procedural Order No. 2 dated January 14, 2016, in connection with the JAMS Retaliation Action.

27. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: March 1, 2016
      New York, New York

                                          David E. Gottlieb